IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WILLIAM DECKER

      Plaintiff,

v.

ARROWHEAD PROPANE, INC.

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, William Decker, by and through his attorneys, Anderson Hemmat, LLC, and for his Complaint and Jury Demand against Defendant Arrowhead Propane, Inc., states and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff is an individual who is a resident and domiciliary of the city of San Marcos, State of California.

2. Defendant Arrowhead Propane, Inc. is a for profit corporation organized under the laws of the State of Kansas with a principal office located at 3 Road 5859 Farmington, New Mexico 87401.

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

4. Defendant is a privately held propane company operating in Farmington NM, Durango, CO, and surrounding communities.

5. Defendant provides twenty-four hour, seven days a week emergency propane service.

6. At all times relevant hereto, Defendant, its agents, and/or employees were required to conduct any propane services with certified, licensed, and trained technicians.

7. Propane service is an inherently dangerous and/or ultrahazardous activity.

8. On May 28, 2020, Plaintiff noticed an odor of propane at his cabin located at 401 Highway 140, Hesperus, County of La Plata, State of Colorado (the "Cabin").

9. Plaintiff contacted Defendant to address the problem and possibly replace his water heater.

10. The water heater on the property was located near the wellhouse, which was immediately adjacent to the kitchen of the Cabin.

11. The wellhouse had an approximately forty foot well that went partially under the kitchen area of the Cabin.

12. Defendant, its agents, and/or employees arrived at the Cabin on the same day, May 28, 2020, and serviced the propane tank and water heater on the property.

13. On May 29, 2020, Plaintiff noticed that even though Defendant had serviced the property the day before, there was no gas in the propane tank.

14. Plaintiff called Defendant on May 29, 2020 to report the empty tank.

15. Defendant, its agents, and/or employees came back on Saturday, May 30, 2020 and worked on the propane tank and the water heater in the wellhouse near the Cabin for approximately five hours.

16. After working for five hours on the Cabin, Defendant, its agents, and/or employees assured Plaintiff that the problem had been fixed.

17. At approximately 4:00 pm on that same day (May 30, 2020), Plaintiff sat down at his kitchen table at the Cabin with a glass of iced tea when an explosion from the adjacent wellhouse occurred.

18. The Fort Lewis Mesa Fire Department came to the Cabin and found that the incident was caused by an overpressure rupture of the air gas pipe.

19. Defendant, its agents, and/or employees wrongfully, unlawfully, negligently, and recklessly serviced the propane tank and water heater at the Cabin and caused the explosion in and around the wellhouse.

20. As a proximate result of Defendant's negligence and recklessness, Plaintiff sustained injuries, damages, and losses in the explosion. Plaintiff's dog was also injured in the explosion.

21. At all times relevant hereto, Defendant was a "Landowner" within the meaning of C.R.S. § 13-21-115 while performing service/maintenance on the water heater and propane tank at the Cabin.

22. At all times relevant hereto, Plaintiff was an "Invitee" at the Cabin within the meaning of C.R.S. § 13-21-115.

## FIRST CLAIM FOR RELIEF
(Negligence)

23. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 22 in the Introductory Allegations.

24. Defendant acted in a reckless, careless, and negligent manner and did so in such a fashion as to cause injuries and damages to Plaintiff.

25. As a direct, immediate, and proximate result of Defendant's negligent actions and/or omissions, Plaintiff has been damaged.

26. As a direct, immediate, and proximate result of Defendant's negligence as stated above, Plaintiff has sustained severe injuries which said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort, and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

27. As a direct, immediate, and proximate result of Defendant's negligence, Plaintiff has incurred and will continue to incur medical, therapeutic, hospital, and physician expenses.

28. As a direct, immediate, and proximate result of Defendant's negligence, Plaintiff has lost the ability to enjoy life as he did before the accident, has lost time, has suffered impaired earning capacity, economic losses, and has lost time from work and has lost pay and salary.

29. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
(C.R.S. § 13-21-115)

30. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 29 in the Introductory Allegations and the First Claim for Relief.

31. Defendant actually knew or should have known of the danger on their property.

32. Defendants failed to use reasonable care to protect against the danger on the property.

33. Defendant's failure was the cause of Plaintiff's injuries, damages, and losses

34. Plaintiff incurred injuries including, but not limited to, his head, ears, neck, back, right shoulder, hip, substantial physical injuries, loss of ability to enjoy life as he did before the accident, and emotional distress.

35. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
(Ultrahazardous Activity Resulting in Strict Liability)

36. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 35 in the Introductory Allegations and the First and Second Claims for Relief.

37. Defendant is a privately held propane company operating in Farmington NM, Durango, CO, and surrounding communities.

38. At all times relevant hereto, Defendant, its agents, and/or employees were required to conduct any propane services with certified, licensed, and trained technicians.

39. Propane service is an inherently dangerous and/or ultrahazardous activity.

40. Defendant's propane service of the Cabin, including the propane tank and water heater, and the resulting explosion, caused Plaintiff to suffer damages, injuries, and losses.

WHEREFORE, Plaintiff prays for relief all is as more particularly hereinafter set forth.

WHEREFORE, on account of the matters set forth in the First, Second, and Third Claims For Relief, Plaintiff William Decker prays for a judgment in favor of Plaintiff, and against Defendant Arrowhead Propane, Inc., in an amount which will fully compensate him for his injuries and damages in the past, present, and future including for past, present, and future medical expenses, for past, present, and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, for property damage, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, expert witness fees, costs, and for such other and further relief as to this Court appears proper in the premises.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**

Respectfully submitted this 6th day of May 2022

                        ANDERSON HEMMAT, LLC

                        *s/ Chad P. Hemmat. Esq.*
                        _____
                        Chad P. Hemmat, Esq.
                        5613 DTC Parkway, Suite 150
                        Greenwood Village, Colorado 80111
                        Phone Number:  303/782-9999
                        Fax Number:  303/782-9996
                        chad@andersonhemmat.com
                        Attorney for Plaintiff

<u>Plaintiff's Address</u>:
533 Augusta Drive
San Marcos, California 92069